UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL NO: 1:22-CV-01306 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| KAREN M. REED, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

Presently before the court in this mortgage foreclosure action is the motion by the United States for default judgment against the defendant. For the following reasons, we recommend that the Court grant the motion for a default judgment and enter judgment against the defendant and in favor of the United States.

## II. Background and Procedural History.

On August 19, 2022, the United States of America on behalf of its Agency, the Rural Housing Service, began this mortgage foreclosure action by filing a complaint against the defendant Karen M. Reed. The United States alleges the following facts in its complaint.

In February 2004, the United States, acting through the Under Secretary of Rural Development and on behalf of the Rural Housing Service of the United States Department of Agriculture, loaned Reed $81,500 pursuant to Title V of the

Housing Act of 1949, 42 U.S.C. 1471, *et seq*. Doc. 1 ¶ 3. Reed executed and delivered to the United States a promissory note in the amount of $81,500. *Id.* ¶ 4; *see also doc. 1-2* at 1–3 (promissory note). She also executed a mortgage in favor of the United States on her property located on South Fourth Street in Newport, Pennsylvania. *Id.* ¶¶ 5, 7; *see also doc. 1-2* at 4–12 (mortgage). That mortgage was duly recorded with the Recorder of Deeds, Perry County, Pennsylvania. *Id.* ¶ 5, *see also doc. 1-2* at 4 (certification of recording of mortgage). The United States has not assigned either the promissory note or the mortgage, and it is the owner and holder of both. *Id.* ¶ 6.

Reed defaulted on the promissory note and mortgage by failing or refusing to pay installments of principal and interest when due, to pay real estate taxes when due, and to maintain the security of the property. *Id.* ¶ 8. Given the default, the United States elected to declare the entire amount of Reed's indebtedness immediately due and payable. *Id.* ¶ 9. It mailed notice of its intent to foreclose to Reed at her last-known address via certified mail. *Id.* ¶ 11. The United States has complied with all conditions precedent to bring this action, and it has not brought any other action to enforce the provisions of the promissory note or mortgage. *Id.* ¶ 12.

As set forth in the complaint, the United States contends that—with fees and interest—Reed owes it $ 87,764.19 under the promissory note and mortgage. *Id.*

¶ 10.  It sets forth the basis for that number:

| | |
|---|---|
| PRINCIPLAL BALANCE | $60,078.52 |
| Interest from 07/08/2019 to 03/18/2022 at 6.1250% | $9,970.75 |
| Interest Recapture | $8,688.01 |
| Late Charges | $39.48 |
| | $78,776.76 |
| | |
| Fees Required with Payoff Funds | +$531.58 |
| Fees Currently Assessed | +$7,963.39 |
| Escrow/Impound Required | +$492.46 |
| | $87,764.19 |

The property subject to foreclosure is within the jurisdiction of this court. *Id.*

¶ 7.  In the complaint, the United States seeks judgment as follows:

> [Reed] and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; [the United States] be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such money applicable thereto will pay the same; the [United States] shall have such other and further relief, or both, in the property as shall be just and equitable.

*Id.* at 3–4 (Wherefore Clause).

The United States filed an affidavit of service asserting that Reed was personally served with the summons and complaint in this case on September 30,

3

2022. *See doc. 4.* After Reed failed to appear, plead, or otherwise defend, the United States filed a request for default and an affidavit stating that Reed was personally served in this case and that she is not presently in the military service of the United States. *See docs. 5, 8.* On October 31, 2022, the Clerk of Court entered default against Reed pursuant to Fed. R. Civ. P. 55(a). *See doc. 9.*

The United States also filed a motion for default judgment along with a brief and affidavit in support. *See docs. 6, 7.* Although the United States served its motion, brief, and affidavit on Reed, *see doc. 6* at 4 (certificate of service), Reed has not responded to the motion for default judgment. For the reasons set forth below, we recommend that the court grant the United States' motion for default judgment.

**III. Discussion.**

This court has subject-matter jurisdiction under 28 U.S.C. § 1345, which provides that "district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." "Courts in this district routinely interpret this statute as grounds for jurisdiction in foreclosure actions brought by the United States." *United States v. Harkerload*, No. 3:17-CV-01364, 2020 WL 1849779, at *2 (M.D. Pa. Apr. 13, 2020) (citing cases). Because Reed

resides in this district and she has been properly served, the court has personal jurisdiction over her.  And because Reed resides in this district and the property is located in this district, venue is proper here. *Id*.

After the Clerk of Court has entered a default, pursuant to Fed. R. Civ. P. 55(b)(2), the court may enter a default judgment against a party who has failed to plead or otherwise defend.  "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2685 (4th ed.).  "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  "Prior to entering a default judgment, the Court must also determine whether the 'unchallenged facts constitute a legitimate cause of action.'" *United States v. Coy*, No. 1:21-CV-01337, 2021 WL 6134468, at *2 (M.D. Pa. Dec. 29, 2021) (internal citation omitted).  "In conducting this inquiry, 'the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." *Id*. (internal citation omitted).  "Although all well-pleaded facts in the plaintiff's complaint are accepted as true after entry of default,

the default itself does not establish liability or conclusions of law." *Doe v. Whitebread*, No. CV 3:15-1165, 2017 WL 590272, at *2 (M.D. Pa. Feb. 14, 2017). "A default also does not establish the amount of damages that are appropriate" *Id*. Rather, "[t]he determination of damages must be made by the court." *Id*.

Here, accepting the factual allegations of the complaint as true, the United States has set forth a legitimate cause of action. "'In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation.'" *United States v. Sourbeer*, No. 1:16-CV-1161, 2016 WL 5373641, at *1 (M.D. Pa. Sept. 26, 2016) (quoting *United States v. Abell*, No. 1:09-CV-715, 2012 WL 37627, at *2 (M.D. Pa. Jan. 9, 2012)). Through the complaint, attached exhibits, and the affidavit in support of its motion for default judgment, the United States has shown that Reed signed the promissory note and mortgage and defaulted under the same. Thus, the United States has set forth a legitimate cause of action.

And the three *Chamberlain* factors weigh in favor of entering a default judgment. The first *Chamberlain* factor—whether the United States would be prejudiced if default judgment is denied—weighs in favor of entering default judgment. Were a default judgment not entered, the United States would face the prejudice of not being able to proceed with this action because Reed has not appeared or defended this action. "Absent [a] default judgment, the United States

will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no alternative means to vindicate its claims against the defaulting party." *United States v. Smith*, No. 3:21-CV-484, 2022 WL 36415, at *2 (M.D. Pa. Jan. 4, 2022). "It has been a considerable amount of time since this case was first filed in [August 2022], and any further delay could impair the United States' ability to pursue [its] claim." *Harkerload*, 2020 WL 1849779, at *3. Moreover, the record reflects that Reed has been in default since mid-2019. *See doc. 6* at 2 (affidavit setting forth the amount due and seeking interest from 7/08/2019). Thus, the United States has not received payments from Reed for years "and will continue to suffer prejudice should this action not be timely resolved." *Smith*, 2022 WL 36415, at *2.

The second *Chamberlain* factor—whether Reed has a litigable defense—also weighs in favor of entering a default judgment. The showing of a litigable or "meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (internal quotation marks and citations omitted). Because Reed has failed to appear, to answer the complaint, or to respond to the motion for a default judgment, she has not asserted a litigable defense.

The third *Chamberlain* factor—whether Reed's delay is due to culpable conduct—further weighs in favor of entering a default judgment. "In this context culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). Although Reed was served with the complaint and the motion for a default judgment, she has not responded, and, her failure to muster any response leads to a reasonable inference that she has willfully chosen not to defend this action.

That leaves the determination of the nature of the judgment that should be entered. Sometimes a hearing is necessary before entering a default judgment. *See* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to : **(A)** conduct an accounting; **(B)** determine the amount of damages; **(C)** establish the truth of any allegation by evidence; or **(D)** investigate any other matter."). Here, "[t]here are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees[.]" *Sourbeer*, 2016 WL 5373641, at *2. The United States is entitled to a judgment of foreclosure. And the repayment amount—$ 87, 764.19 "[p]lus interest accruing upon the unpaid balance from March 18, 2022 at the daily rate of $10.08"—is adequately supported by the record. *See doc. 6* at 2, ¶ 4. "This amount is a sum certain, as no doubt remains as to the amount to which [the] plaintiff is entitled as a result of the defendant's default." *Id.* (internal quotation

marks and citation omitted). "As such, a hearing under Federal Rule of Civil Procedure 55(b)(2) is not necessary." *Id.*

## IV. Recommendations.

Based on the foregoing, we recommend that the court grant the United States' motion (*doc. 6*) for default judgment and enter judgment against Reed and in favor of the United States. More specifically, as set forth in the proposed order attached to the United States' motion for default judgment, we recommend that the court order the following:

1. That the plaintiff's motion for default judgment is granted. Judgment is entered in favor of the United States of America and against Karen M. Reed in the amount of $87,764.19 plus interest at the rate of $10.08 per day from March 18, 2022 until the date of the Order, and thereafter with interest thereon from the date of judgment pursuant to 28 U.S.C. § 1961

2. That the promissory note and mortgage between the plaintiff and the defendant are foreclosed as to the property located at 407 South Fourth Newport, PA 17074 ("Property"). In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person.

3. That the Property be sold according to the following:

(a) The United States Marshal for the Middle District of Pennsylvania is directed to sell the Property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2001 within 180 days of this Order. Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the Property is situated. To reduce the costs and expenses of tax sale, the plaintiff may

advertise a short description of the Property rather than a complete legal description.

(b) Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the Property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured. The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If the plaintiff is not the successful bidder, the plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

(c) The plaintiff, United States of America, or its nominee, is granted right of entry at reasonable times to the Property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the Property.

(d) Motion for Confirmation of the public sale shall be made by the Marshal or the plaintiff to the Court thirty (30) days after the date of sale.

4. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court.

5. The plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6. A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

7. Jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of June, 2023.

***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge
