# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CIVIL ACTION NO. 1:22-CV-1306 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **KAREN M. REED,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 25th day of July, 2023, upon consideration of the report (Doc. 10) of Magistrate Judge Susan E. Schwab, recommending that the court grant the motion for default judgment filed by plaintiff, the United States of America, and enter judgment against the defendant and in favor of the United States, and it appearing no party has objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, the district court should afford "reasoned consideration" to the uncontested portions of the report, E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (quoting Henderson, 812 F.2d at 879), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court agreeing with Judge Schwab's analysis and recommendation,

and concluding there is no clear error on the face of the record, it is hereby

ORDERED that:

1. Judge Schwab's report (Doc. 10) is ADOPTED.

2. The United States' motion (Doc. 6) for default judgment is GRANTED.

3. Judgment is ENTERED in favor of the United States of America and against defendant Karen M. Reed in the amount of $87,764.19 plus interest at the rate of $10.08 per day from March 18, 2022, until the date of this order, and thereafter with interest thereon from the date of judgment pursuant to 28 U.S.C. § 1961.

4. The promissory note and mortgage between the plaintiff and the defendant are foreclosed as to the property located at 407 South Fourth Newport, PA 17074 ("Property").  In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person.

5. The Property shall be sold according to the following:

    a. The United States Marshal for the Middle District of Pennsylvania is directed to sell the Property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2001 within 180 days of this order.  Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the Property is situated.  To reduce the costs and expenses of tax sale, the plaintiff may advertise a short description of the Property rather than a complete legal description.

    b. Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder.  The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the Property may be readvertised and sold by the Marshal

without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured. The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If the plaintiff is not the successful bidder, the plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

c. The plaintiff, United States of America, or its nominee, is granted right of entry at reasonable times to the Property for purposes of presale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things, and information necessary for the inspection, advertisement, and sale of the Property.

d. Motion for confirmation of the public sale shall be made by the Marshal or the plaintiff to the court thirty (30) days after the date of sale.

6. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further order of this court.

7. The plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

8. A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk of Court.

9. Jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

10. The Clerk of Court shall thereafter CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania